# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WINGATE INNS INTERNATIONAL, INC. f/k/a HOTEL FRANCHISING L.P. d/b/a WINGATE INNS, L.P.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HOTEL SQUARED, LLC, KENNETH E. MOORE, and BIPIN B. PATEL,**<br><br>**Defendants.** | Civ. No. 15-4072 (KM) (MAH)<br><br>**OPINION** |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of the plaintiff, Wingate Inns International, Inc., formerly known as Hotel Franchising Limited Partnership d/b/a Wingate Inns, L.P. ("WII") for default judgment against the defendants, Hotel Squared, LLC ("Hotel Squared"), Kenneth E. Moore ("Moore"), and Bipin B. Patel ("Patel"). For the reasons set forth below, I will enter default judgment against Defendants. WII is awarded $385,876.52, comprising (i) $323,954.03 in outstanding fees and interest and (ii) $61,922.49 for the balance due on the note. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**BACKGROUND**

WII is a Delaware corporation with its principal place of business in New Jersey. (Complaint, Dkt. No. 1 ("Compl.") ¶ 1) Hotel Squared is a limited liability company organized under the laws of and maintaining its principal place of business in Georgia. (*Id.* ¶ 2) Moore is a member of Hotel Squared and a citizen of Georgia. (*Id.* ¶ 3) Patel is a member of Hotel Squared and a citizen of

1

Virginia. (*Id.* ¶ 4) Moore and Patel, along with two other individuals not named in this suit, are the only constituent members of Hotel Squared. (*Id.* ¶ 7)

This suit arises from a franchise agreement entered into between WII and Hotel Squared on July 10, 1996, and amended on June 11, 1998 ("Franchise Agreement") pursuant to which Hotel Squared was to operate an 84-room hotel under the WII name in Winchester, Virginia for a period of twenty years. (Compl. ¶¶ 12-14) Moore and Patel signed the Franchise Agreement on behalf of Hotel Squared. (Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default, dated March 2, 2016, Dkt. No. 14-3 ("Fenimore Aff.") Ex. A ("Franchise Agreement") p. 23) Moore and Patel also executed a guaranty of Hotel Squared's obligations under the Franchise Agreement ("Guaranty"). (Compl. ¶ 20; Fenimore Aff. Ex. C) The Guaranty committed Moore and Patel to make any unpaid payments on behalf of Hotel Squared in the event that Hotel Squared defaulted under the Franchise Agreement. (Compl. ¶ 21)

Under the terms of the Franchise Agreement, Hotel Squared was obligated make periodic payments to WII for royalties, taxes, and a variety of fees, which are collectively defined as "Recurring Fees." (Compl. ¶ 15; Franchise Agreement § 7) In order to calculate the royalties owed, Hotel Squared undertook to prepare and submit to WII monthly gross room revenue reports. (Compl. ¶ 17; Franchise Agreement § 3.9) Hotel Squared was also obligated to maintain accurate books and records and to allow WII to audit those documents. (Compl. ¶ 18; Franchise Agreement § 3.8) The Franchise Agreement provided that WII could terminate the agreement if Hotel Squared discontinued operating the property as a WII-branded hotel or if Hotel Squared lost possession of the property. (Franchise Agreement § 11.2)

Pursuant to the Franchise Agreement, Hotel Squared, Moore, and Patel co-signed a Development Advance Note in the amount of $250,000.00 ("Note"). (Compl. ¶ 23; Franchise Agreement § 6.2; Fenimore Cert. Ex. D) Under the terms of the Note, 1/15th of the principal amount would be forgiven on each anniversary of the facility's opening date. (Compl. ¶ 24) The Note also provided

2

that if termination occurred before the fifteenth anniversary of the facility's opening date, the outstanding principal balance would be due and owing, subject to an interest rate of eighteen percent if that balance were not paid within ten days. (*Id.* ¶¶ 25, 26)

On June 30, 2011, Hotel Squared sold the facility to a third party, triggering default and a termination of the Franchise Agreement. (Compl. ¶ 28; Fenimore Aff. Ex. E) As a result of the termination of the Franchise Agreement, WII informed Hotel Squared that it owed all outstanding Recurring Fees and the principal balance remaining on the Note. (*Id.* ¶ 29)

On June 16, 2015, WII filed its complaint in this action. (Dkt. No. 1) The complaint asserts causes of action sounding in breach of contract and unjust enrichment based on the failure of Hotel Squared, Moore, and Patel to pay the Recurring Fees. Although served, Hotel Squared, Moore, and Patel did not answer the complaint. On August 18, 2015, the clerk entered default against Hotel Squared, Moore, and Patel. On March 3, 2016, WII filed this motion for a default judgment against Hotel Squared, Moore, and Patel. (Dkt. No. 14) WII seeks (i) $323,954.03 in unpaid recurring fees and interest and (ii) $61,922.49 for the outstanding balance on the Note and interest thereon, for a requested award of $385,876.52. (Fenimore Aff. ¶¶ 20–30)

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**LEGAL STANDARD AND DISCUSSION**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the

"unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

## I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual, such as Moore or Patel, may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as Hotel Squared, may be made by delivering a copy of the summons and complaint to "an officer, a managing or

4

general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

Here, the prerequisites for default judgment have been met. The complaint was filed on June 16, 2015. (Dkt. No. 1) Hotel Squared and Moore were personally served on July 14, 2015. (Certification of Bryan P. Couch In Support of Motion for Final Judgment by Default, dated March 2, 2016, Dkt.

No. 14-2 ("Couch Cert.") ¶ 5) Despite diligent efforts and inquiry, WII was unable to personally serve Patel. (*Id.* ¶ 6) WII did, however, successfully serve the Summons and Complaint on Patel on July 16, 2015 via regular and certified mail as permitted by N.J. Ct. R. 4:4-4(b)(3). (*Id.* ¶ 7) Following proper service, Defendants had twenty-one days to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against Hotel Squared, Moore, and Patel on August 18, 2015. (Docket Entry following Dkt. No. 7) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist,* 756 F.2d at 18–19.

## II.   Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by WII against Defendants are legally flawed or that any of Defendants could mount a meritorious defense. *See Doe,* 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990), I find that WII has successfully stated claims for relief as against Hotel Squared, Moore, and Patel.

The complaint asserts five causes of action, which, in essence, amount to a claim for breach of contract against Hotel Squared for failing to remit payment on the Recurring Fees and the balance of the Note, and breach of the Guaranty against Moore and Patel, in their capacities as guarantors, for failing to pay the Recurring Fees and balance of the Note on behalf of Hotel Squared. Under New Jersey law, a prima facie case for breach of contract requires that

6

the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements are satisfied here. The declaration submitted in support of WII's motion and the exhibits annexed thereto corroborate those factual allegations. Both the Franchise Agreement and Guaranty are valid and enforceable contracts. They were breached by the defendants' failure to pay the Recurring Fees and the balance due on the Note. WII has accrued damages as a result of these breaches. In sum, the facts alleged by WII state a claim for breach of the Franchise Agreement against Hotel Squared and breach of the Guaranty against Moore and Patel. I cannot discern a meritorious defense to these claims from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. Hotel Squared and Moore were properly served on July 14, 2015. Patel was properly served on July 16, 2015. None of Defendants have appeared or defended themselves in any manner. It is clear that WII has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins.*

*Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against Hotel Squared, Moore, and Patel, and I will grant the motion for default judgment against Defendants.

### III.    Remedies

WII seeks to recover $385,876.52. (*See* Fenimore Aff. ¶ 26, Ex. G) That sum consists of (1) $323,954.03 in recurring fees, including principal and interest; (2) the $33,333.33 balance of the Note; and (3) $28,589.16 in interest on the unpaid balance of the Note.  (*See id.*)

WII has submitted documentary evidence in support of its demands, while Hotel Squared and Moore and Patel have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant WII's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Aff. ¶ 23) WII has documented recurring fees (and the interest thereon calculated at 1.5% monthly) owed from April 2010 through August 2011 in the amount of $323,954.03. (Fenimore Aff. Ex. F)

I will also grant WII's request for the balance of the Note and interest on that balance. (Fenimore Aff. ¶¶ 24-25) According to the terms of the Note, 1/15th of the original balance of $250,000 was forgiven on each anniversary of the opening date of the facility. (Fenimore Aff. Ex. D) However, if (as occurred here) the Franchise Agreement were to be terminated prior to the fifteenth anniversary, the remaining balance on the Note would immediately fall due. At the time the Franchise Agreement was terminated following Hotel Squared's selling of the property, two years remained before the Note was completely forgiven; accordingly, the remaining balance is $33,333.33. The Note provides

8

that interest on the balance is to be calculated at a rate of 18% per annum beginning from the date the Note balance became due. Here, that date was July 1, 2011, the date the Franchise Agreement was terminated, and interest is calculated up through April 4, 2016. Thus, $33,333.33 is multiplied by .18 for a yearly interest amount of $6,000, which is in turn divided by 365 for $16.44 per day, which is then multiplied by 1739 days (between July 1, 2011 and April 4, 2016) for a final interest amount of $28,589.16.

The total judgment awarded is, therefore, $385,876.52. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, the motion is granted as to Defendants Hotel Squared, Moore, and Patel, and a default judgment will be entered in favor of plaintiff WII against Defendants Hotel Squared, Moore, and Patel in the total amount of $385,876.52, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

Date:  April 5, 2016

KEVIN MCNULTY, U.S.D.J.